**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| Williams, *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | **Civil Action No. 5:17-cv-00089** |
| | § | **Jury Demanded** |
| Rooney Trucking, Inc., | § | |
| | § | |
| **Defendant.** | § | |

*consolidated with*

| | | |
|---|---|---|
| Acuity, a Mutual Insurance Company, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 5:17-cv-000117** |
| | § | |
| Celeste Brown, as Next Friend of minor child, | § | |
| T.A., *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

**ORIGINAL ANSWER AND CLAIM BY DEFENDANTS, JAKEVIAN "TEX" EPPS,
LEACHIA CRAFT, AS NEXT FRIEND OF MINOR CHILD, D.C., AND
ANGELICA RIOS, AS NEXT FRIEND OF MINOR CHILD, A.R.**

Defendants, Jakevian "Tex" Epps, Leachia Craft, as Next Friend of Minor Child, D.C., and Angelica Rios, as Next Friend of Minor Child, A.R. ("Interpleader Defendants"), hereby file their Answer to Plaintiff Acuity's Original Complaint in Interpleader, and would respectfully show this Honorable Court as follows:

## ANSWER

### I.      Parties and Service of Process

1.      Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 1.

2.      Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2.

3.      Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 3.

4.      Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.

5.      Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 5.

6.      Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 6.

7.      Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7.

8.      Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 8.

9.      Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9.

10.      Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 10.

11.      Interpleader Defendants admit the allegations in Paragraph 11.

12.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12.

13.     Interpleader Defendants deny the allegations in Paragraph 13 as written. Interpleader Defendants assert that Jakevian "Tex" Epps is a citizen of the State of Texas, and his address is 814 Margaret Drive, Mt. Pleasant, Titus County, Texas 75456.

14.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 14.

15.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 15.

16.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 16.

17.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17.

18.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 18.

19.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 19.

20.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 20.

21.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 21.

22.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 22.

23.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 23.

24.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 24.

25.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 25.

26.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 26.

27.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27.

28.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 28.

29.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 29.

30.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 30.

31.     Interpleader Defendants admit the allegations in Paragraph 31.

32.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 32.

33.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 33.

34.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 34.

35.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 35.

36.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 36.

37.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 37.

38.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 38.

39.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 39.

40.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 40.

41.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 41.

42.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 42.

## II.     Jurisdiction and Venue

43.     Interpleader Defendants lack sufficient knowledge or information to admit or deny Plaintiff's allegations regarding diversity of citizenship.  Interpleader Defendants admit the remaining allegations set forth in Paragraph 43 as to jurisdiction.

44.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 44.

45.     Interpleader Defendants admit the allegations in Paragraph 45.

### III.     Factual Background

46.     Interpleader Defendants admit that, on March 23, 2017, a multi-vehicle accident occurred in Titus County, Texas, wherein a number people were injured, including Jakevian "Tex" Epps, D.C., and A.R.  Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations set forth in Paragraph 46.

47.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 47.

48.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 48.

49.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 49.

### IV.     Action in the Nature of Interpleader

50.     Interpleader Defendants admit the allegations in Paragraph 50 with respect to themselves only.  Interpleader Defendant lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 50 for other defendants.

51.     Interpleader Defendants admit the allegations in Paragraph 51.

52.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 52.

53.     Interpleader Defendants lack sufficient knowledge or information to admit or deny Plaintiff's characterization of the fund as "limited".  Interpleader Defendants admit the remaining allegations set forth in Paragraph 53.

54.     Interpleader Defendants deny the allegations in Paragraph 54 as written.

55.     Interpleader Defendants lack sufficient knowledge or information to admit or deny Plaintiff's characterization of being "in doubt as to which Defendants are entitled to be paid, and in what amounts."  Interpleader Defendants deny the remaining allegations set forth in Paragraph 55.

56.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 56.

57.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 57.

58.     Interpleader Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 58.

## V.     Requested Relief

59.     Interpleader Defendants deny that Plaintiff is entitled to recover reasonable attorney's fees and costs in this action.  Interpleader Defendants admit the remaining allegations in Paragraph 59.

## CLAIM

60.     And now, having answered the allegations contained in the Original Complaint in Interpleader, Interpleader Defendants, Jakevian "Tex" Epps, Leachia Craft, as Next Friend of Minor Child, D.C., and Angelica Rios, as Next Friend of Minor Child, A.R., affirmatively allege:

61.     On or about March 23, 2017, Interpleader Defendants were passengers in a school bus that was traveling southbound on Highway 271 in Titus County toward Mt. Pleasant.

62.     At the same time, Bradley Farmer ("Farmer"), while operating a tractor and trailer owned by Rooney Trucking, Inc., was traveling northbound on Highway 271 in Titus County toward Talco.

63.     Farmer caused the tractor and trailer to cross the centerline of the roadway, collide with the school bus carrying Interpleader Defendants, and overturn said bus.

64.     In the wreck, Interpleader Defendants sustained great injuries.

66.     Farmer owed a duty to Interpleader Defendants and to all other citizens on the road to operate the vehicle under his control in a safe and reasonable manner, using ordinary care to prevent injury to others.  Farmer breached this duty and was negligent in:

a)      Failing to keep a proper lookout;

b)      Failing to control the speed of his vehicle;

c)      Failing to timely apply his brakes;

d)      Failing to maintain his vehicle in his designated lane of travel;

e)      Failing to yield the right of way;

f)      Failing to swerve to avoid the collision after he invaded the school bus's lane of travel;

g)      Failing to comply with all duties and prohibitions set forth in the Federal Motor Carrier Safety Regulations;

h)      Operating the vehicle while under the influence of intoxicating substances; and

i)      Violating the laws of the State of Texas, including Texas Transportation Code § 545.051 and Texas Penal Code § 49.04.

67.     Farmer's negligence in these regards, taken together or individually, actually and proximately caused harm to be suffered by Interpleader Defendants.

68.     At all times material hereto, Farmer was an agent and/or employee of Rooney Trucking, Inc.  At all times material hereto, Farmer was performing acts within the course and

scope of his employment and/or agency, with the authority delegated to him by Rooney Trucking, Inc. and in furtherance of the business of Rooney Trucking, Inc.  Therefore, Rooney Trucking, Inc. is vicariously liable for the negligent acts committed by Farmer.

69.     Furthermore, Rooney Trucking, Inc. owed a general duty of reasonable care to Interpleader Defendants.  Part of Rooney Trucking, Inc.'s duty including ensuring that it did not employ unfit individuals and entrust such individuals with the operation of its vehicles on open road.  Rooney Trucking, Inc. breached this duty and was negligent in:

      a)      Hiring Farmer;

      b)      Retaining Farmer;

      c)      Supervising Farmer;

      d)      Entrusting Farmer with the operation of a motor vehicle;

      e)      Failing to establish drug-testing protocols for its drivers, including Farmer; and

      e)      Failing to ensure Farmer complied with all duties and prohibitions set forth in the Federal Motor Carrier Safety Regulations.

70.     Rooney Trucking, Inc..'s negligence in these regards, taken together or individually, actually and proximately caused harm to be suffered by Interpleader Defendants.

71.     As a result of Rooney Trucking, Inc.'s negligent acts and omissions, Interpleader Defendants have suffered the following damages:

      a)      Reasonable and necessary medical expenses incurred in the past;

      b)      Reasonable and necessary medical expenses reasonably likely to be incurred in the future;

      c)      Past physical pain and suffering;

d)      Physical pain and suffering in the future;

e)      Mental anguish in the past; and

f)      Mental anguish in the future.

**JURY DEMAND**

72.      Interpleader Defendants hereby demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, the said Interpleader Defendants, Jakevian "Tex" Epps, Leachia Craft, as Next Friend of Minor Child, D.C., and Angelica Rios, as Next Friend of Minor Child, A.R., pray that this Answer and Claim be received and that, upon hearing, this Honorable Court enter an Order awarding and granting Interpleader Defendants the funds in interpleader, and for such other and further relief as the Interpleader Defendants may show themselves justly entitled.


Respectfully Submitted,

/s/ Amy Miller
Amy Miller
Texas Bar No. 24053133
Oklahoma Bar No. 21627
Nix, Patterson & Roach LLP
205 Linda Drive
Daingerfield, Texas 75638
(903) 645-7333
(903) 645-2172
amymiller@nixlawfirm.com

Attorneys for Jakevian "Tex" Epps,
Leachia Craft, as Next Friend for D.C., &
Angelica Rios, as Next Friend for A.R.

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's electronic filing system on this the 26th day of June, 2017.

/s/ Amy Miller
Amy Miller