IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| WILLIAMS, et al., | § § § § | |
| *PLAINTIFFS* | § § | |
| vs. | § § | CIVIL NO.  5:17-CV-00089 |
| ROONEY TRUCKING, INC., | § § | |
| *DEFENDANT* | § § | |

*Consolidated With*

| | | |
|---|---|---|
| ACUITY, A MUTUAL INSURANCE COMPANY, | § § § | |
| *PLAINTIFF* | § § | |
| VS. | § § | CIVIL NO.  5:17-CV-00117 |
| CELESTE BROWN, et al., | § § § | |
| *DEFENDANTS* | § § | |

### ORIGINAL ANSWER AND CROSSCLAIM
### BY DEFNDANT, CARL VAN BOWEN

TO THE HONORABLE COURT:

NOW COMES, CARL VAN BOWEN, Defendant herein, and files his *Answer to Plaintiff's Original Complaint in Interpleader* and would respectfully show as follows:

**I.**

Defendant is without sufficient information to admit or deny paragraph 1 of *Plaintiff's Original Complaint in Interpleader* and requests proof thereof.

**II.**

In response to paragraph 6 of *Plaintiff's Original Complaint in Interpleader*, Defendant admits that he is a citizen of the State of Texas and he resides at 120 CR 4844, Mount Pleasant, Texas 75455 but denies that he should be served with *Summons* and *Plaintiff's Original Complaint in Interpleader* at that address. Defendant has filed a Waiver of the Service of Summons. Therefore, service of *Summons* and *Plaintiff's Original Complaint in Interpleader* on Defendant is unnecessary.

**III.**

In response to paragraphs 2, 3, 4, 5, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 37, 38, 39, 40, and 41 of *Plaintiff's Original Complaint in Interpleader*, Defendant has insufficient information to admit or deny if each of the parties named in each paragraph, including any John Does, are citizens and residents of the State of Texas and requires proof thereof. Furthermore, Defendant has insufficient information to admit or deny if each address shown for each person indentified in paragraphs 2, 3, 4, 5, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 37, 38, 39, 40, and 41 is accurate and, therefore, requires proof thereof.

**IV.**

In response to paragraphs 12 and 36 of *Plaintiff's Original Complaint in Interpleader*, Defendant has insufficient information to admit or deny the allegations contained therein and requires proof thereof.

V.

In response to paragraph 28 of *Plaintiff's Original Complaint in Interpleader*, based upon information and belief, Defendant admits that Mount Pleasant Independent School District is a governmental entity organized under the laws of the State of Texas and is located in Titus County, Texas. Defendant has insufficient information to admit or deny who may be the proper person to receive *Summons* and *Plaintiff's Original Complaint in Interpleader* and therefore requests proof thereof.

VI.

In response to paragraph 42 of *Plaintiff's Original Complaint in Interpleader*, based upon information and belief, Defendant admits the allegations contained therein.

VII.

In response to paragraph 43 of *Plaintiff's Original Complaint in Interpleader*, based upon information and belief, Defendant admits that this Court has jurisdiction over this civil case based upon complete diversity of citizenship between Acuity and each Defendant. Defendant admits that the amount in controversy with respect to this Defendant exceeds $75,000, exclusive of interest and costs.

VIII.

In response to paragraphs 44 and 47 of *Plaintiff's Original Complaint in Interpleader*, Defendant has insufficient information to admit or deny the allegations contained therein. Defendant would show that on April 26, 2017 and on April 27, 2017, Defendant's counsel requested policy limits information from Acuity but Acuity refused to provide the requested information. Furthermore, Acuity failed to attach a copy of the policy of insurance upon which its *Interpleader* is based and, therefore, Defendant has insufficient information to admit or deny the

allegations contained in paragraphs 44 and 47.

## IX.

In response to paragraph 45 of *Plaintiff's Original Complaint in Interpleader*, Defendant admits that venue is proper in this Court.

## X.

In response to paragraph 46 of *Plaintiff's Original Complaint in Interpleader*, Defendant admits that on March 23, 2017, a violent accident/collision occurred between a school bus being driven by Defendant Carl Van Bowen and a tractor-trailer owned by Rooney Trucking, Inc. which was being operated by Bradley Ray Farmer, an employee of Rooney Trucking, Inc., who at the time of the accident/collision was believed to be under the influence of a drug known as methamphetamine. Defendant further admits that after the initial accident/collision on March 23, 2017, a second, separate accident/collision occurred between a vehicle being driven by Angelica Beard and a tractor-trailer owned by Rooney Trucking, Inc. which was being operated by Bradley Ray Farmer, an employee of Rooney Trucking, Inc. It is admitted that Defendant Carl Van Bowen was seriously injured as a result of the first accident/collision made the basis of the *Plaintiff's Original Complaint in Interpleader*. With respect to the other allegations contained in paragraph 46 of *Plaintiff's Original Complaint in Interpleader*, Defendant Carl Van Bowen has insufficient information to admit or deny the remaining allegations contained in paragraph 46, except that based upon information and belief it is admitted that two people were killed and that multiple lawsuits have been filed as a result of two separate accident/collisions made the basis of *Plaintiff's Original Complaint in Interpleader*.

## XI.

In response to paragraph 48 of *Plaintiff's Original Complaint in Interpleader*, Defendant

has insufficient information to admit or deny the allegations contained therein and requires proof thereof.

## XII.

In response to paragraph 49 of *Plaintiff's Original Complaint in Interpleader*, Defendant admits that Acuity is a stakeholder. However, Defendant denies that Acuity "attempted to arrange a global settlement of all claims without Court involvement, but has been unsuccessful". Defendant further alleges that Acuity never offered or discussed a settlement of Defendant's claims prior to the filing of *Plaintiff's Original Complaint in Interpleader* and, therefore, Acuity's allegations that it "attempted to arrange a global settlement of all claims without Court involvement, but has been unsuccessful" is denied.

## XIII.

In response to paragraph 50 of *Plaintiff's Original Complaint in Interpleader*, Defendant admits that his claims arise from an initial accident/collision occurring between a school bus being operated by Defendant Carl Van Bowen and a tractor-trailer owned by Rooney Trucking, Inc. which was being operated by Bradley Ray Farmer, an employee of Rooney Trucking, Inc., with a second, separate accident/collision occurring between a tractor-trailer owned by Rooney Trucking, Inc. and being operated by Bradley Ray Farmer, an employee of Rooney Trucking, Inc., and a vehicle being operated by Angelica Beard.

## XIV.

In response to paragraph 51 of *Plaintiff's Original Complaint in Interpleader*, Defendant not only admits that the circumstances of the separate accident/collision involving Defendant are such that a jury will determine that legal liability exists on the part of Rooney but he further admits that a jury will clearly find that the liability of Rooney's drug induced driver and employee for his

*Original Answer and Cross-Claim*
*By Defendant Carl Van Bowen*                                                                                     *Page 5 of 20*

negligent and grossly negligent conduct resulting in two different accidents/collisions is reasonably clear.

## XV.

In response to paragraph 52 of *Plaintiff's Original Complaint in Interpleader*, Defendant admits that his damages will exceed the policy limits represented by *Plaintiff's Original Complaint in Interpleader* but he has insufficient information to admit or deny the other allegations contained therein with respect to any other parities or persons and requires proof thereof.

## XVI.

In response to paragraph 53 of *Plaintiff's Original Complaint in Interpleader*, Defendant has insufficient information to admit or deny the allegations contained therein and requires proof thereof, except to the extent that Defendant is aware of multiple lawsuits pending in Federal Court that arise out of the two separate accidents/collisions made the basis of *Plaintiff's Original Complaint in Interpleader*.

## XVII.

In response to paragraph 54 of *Plaintiff's Original Complaint in Interpleader*, Defendant has insufficient information to admit or deny the allegations contained therein and requires proof thereof, except to the extent that Defendant admits that the funds represented by *Plaintiff's Original Complaint in Interpleader* will be insufficient to compensate this Defendant for his damages.

## XVIII.

In response to paragraph 55 of *Plaintiff's Original Complaint in Interpleader*, Defendant has insufficient information to admit or deny the allegations contained therein and requires proof thereof, except that Defendant admits that the funds represented by *Plaintiff's Original Complaint*

*in Interpleader* will be insufficient to compensate this Defendant for his damages. Defendant reserves the right to join any additional necessary parties.

### XIX.

In response to paragraph 56 of *Plaintiff's Original Complaint in Interpleader*, Defendant likewise seeks an orderly resolution of any competing claims to any funds deposited into the Registry of the Court. Defendant reserves the right to join any additional necessary parties.

### XX.

If a response to paragraph 57 is required to *Plaintiff's Original Complaint in Interpleader*, Defendant agrees that if the Court requests, or requires Defendant to present his claims, he will comply. Defendant reserves the right to join any additional necessary parties including any insurance companies providing excess or umbrella coverage for Rooney Trucking, Inc. and to present his claims to any additional insurance companies providing insurance coverage for the two separate accidents made the basis of *Plaintiff's Original Complaint in Interpleader*.

### XXI.

Defendant denies all allegations contained in *Plaintiff's Original Complaint in Interpleader* not heretofore admitted.

### XXII.

Defendant affirmatively alleges the Acuity has failed to include all necessary parties to *Plaintiff's Original Complaint in Interpleader*. In paragraph 53, Acuity alleges that Acuity and Rooney Trucking, Inc. are exposed to multiple, mutually exclusive claims and such exposure is justification for *Plaintiff's Original Complaint in Interpleader*. On April 27, 2017, Acuity was given written notification by Defendant's attorney that he represented Defendant Carl Van Bowen and his wife, Charla, for injuries arising out of the first accident between the school bus being

driven by Defendant Carl Van Bowen and a tractor-trailer owned by Rooney Trucking, Inc. which was being operated by Bradley Ray Farmer, an employee of Rooney Trucking, Inc. Therefore, Acuity's *Interpleader* is deficient because, assuming the Court has diversity jurisdiction, it failed to join the wife of Defendant, Carl Van Bowen, based upon her separate claims for loss of consortium and loss of household services. Therefore, assuming the Court has diversity jurisdiction, Charla Bowen is necessary and should be joined as a party pursuant to Federal Rule of Civil Procedure 19.

### XXIII.

Defendant reserves the right to amend his *Answer* and plead any other matters, affirmative or otherwise, as discovery and disclosures proceed.

### XXIV.

Defendant alleges that there is a defect of parties because Charla Bowen, wife of Carl Van Bowen, was not named as a party to *Plaintiff's Original Complaint in Interpleader* and, therefore, Charla Bowen should be joined as a necessary party pursuant to FRCP 19 and be allowed to file her own *Answer* and *Cross-Claim*.

### *DEFENDANT AND CROSS-PLAINTIFF, CARL VAN BOWEN'S ORIGINAL CROSSCLAIM AGAINST ROONEY TRUCKING, INC.*

COMES NOW, Carl Van Bowen, Defendant and Cross-Plaintiff (hereinafter referred to as "Cross-Plaintiff") and files his *Original Crossclaim* complaining of Rooney Trucking, Inc. (hereinafter referred to as "Trucking Defendant") and for his cause of action would respectfully show unto the Court as follows:

## I.

## *JURISDICTION AND VENUE*

1. This Court possesses jurisdiction of this case pursuant to 28 U.S.C. §1332 based upon the complete diversity of citizenship between the Cross-Plaintiff and Trucking Defendant and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Cross-Plaintiff is a citizen of the State of Texas, County of Titus. Trucking Defendant is a foreign corporation, is not a citizen of Texas, and has its principle office in the State of Missouri. Trucking Defendant is named a party and has filed pleadings in this Court in a companion case arising out of the same accident that serves as the basis for this *Crossclaim* in Cause Number 5:17-CV-114 certifying that Trucking Defendant is a Missouri corporation with its principal place of business in Polo, Missouri. Furthermore, in Cause Number 5:17-CV-114 Trucking Defendant filed a *Notice of Removal* certifying jurisdiction and venue in this Court and seeking consolidation of Cause Number 5:17-CV-114 with Cause Number 5:17-CV-00089.

2. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391(b) (2), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.

## *PARTIES*

3. Cross-Plaintiff is an individual whose address is 120 CR 4844, Mt. Pleasant, Titus County, Texas 75455.

4. Trucking Defendant is a Corporation who is based in Missouri but engages in or has engaged in business in the State of Texas. This *Crossclaim* arises out of business done and torts committed in this State by said Trucking Defendant and its employee. Trucking Defendant has not

designated and does not maintain a registered agent for service of process in the State of Texas required by Texas Business Organization Code Sec. 5.201 and, therefore, has designated the Secretary of State of Texas as its designated agent for service of process. Accordingly, Trucking Defendant may be served with substituted service by serving the Secretary of State of Texas, Service Process, P.O. Box 12079, Austin, Texas 78711-2079 and forwarded to Trucking Defendant's Registered Agent for Service, Patrick Rooney, Jr. at 6035 S. Highway 13, Polo, Missouri 64671. Service of Process on said Trucking Defendant as described above can also be effected by Certified Mail Return Receipt Requested to Patrick Rooney, Jr. at 6035 S. Highway 13, Polo, Missouri 64671. Alternatively, Service of Process can be made upon Trucking Defendant's attorney who has already appeared in this court on behalf of Trucking Defendant.

### III.

### *FACTUAL ALLEGATIONS*

5.  On or about March 23, 2017, Cross-Plaintiff, Carl Van Bowen, was lawfully operating a school bus in Titus County, Texas when a tractor and trailer owned by Trucking Defendant and being operated by an Bradley Ray Farmer, "Driver", crossed the center line of the roadway and collided with the school bus being operated by Cross-Plaintiff, Carl Van Bowen, resulting in an Accident/Collision/Occurrence causing serious injuries to Cross-Plaintiff, Carl Van Bowen. Driver was operating the tractor and trailer in question with permission of, as an employee of, and in the course and scope of his employment with the Trucking Defendant while Driver was under the influence of illegal drugs. Trucking Defendant and Driver's conduct, negligence, negligence *per se*, gross negligence and malice proximately caused Cross-Plaintiff to sustain serious injuries as a result thereof.

*Original Answer and Cross-Claim*
*By Defendant Carl Van Bowen*                                                                                          *Page 10 of 20*

6. At all times relevant to this Crossclaim, Trucking Defendant and Driver were operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

7. At all times relevant to this Crossclaim, Trucking Defendant was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

8. At all times relevant to this Crossclaim, Trucking Defendant was a "motor carrier" as defined by 49 U.S.C. §13102(14).

9. At all times relevant to this Crossclaim, Trucking Defendant was a "for hire motor carrier employer" as defined by 49 C.F.R. §390.5.

10. At all times relevant to this Crossclaim, Trucking Defendant was an "employer" as defined by 49 C.F.R. §390.5.

11. At all times relevant to this Crossclaim, Driver was an "employee" of Trucking Defendant per 49 C.F.R. §390.5.

12. At all times relevant to this Crossclaim, Bradley Ray Farmer was a "Driver" operating a commercial motor vehicle on behalf of Trucking Defendant per 49 C.F.R. §390.5.

13. At all times relevant to this Crossclaim, the Accident/Collision/Occurrence between the school bus being operated by Cross-Plaintiff and the tractor and trailer owned by Trucking Defendant and being operated by an Bradley Ray Farmer, "Driver", was an "Accident" per 49 C.F.R. §390.5.

14. At the time of the Accident made the basis of this lawsuit and at all times material hereto, Driver was an employee acting within the course and scope of his employment with Trucking Defendant, and Driver was operating a commercial motor vehicle on behalf of Trucking

Defendant under and by the authority of Trucking Defendant pursuant to Trucking Defendant's Federal DOT or Carrier ID which is believed to be 00089011.

15. At the time of the Accident/Collision/Occurrence in question, Driver was an agent, servant, employee and/or representative of Trucking Defendant performing non-delegable duties, and Driver had the express and/or implied permission from Trucking Defendant to operate the commercial vehicle involved in this collision as Driver and to tow the attached trailer. Furthermore, Driver was acting within the course and scope of his employment or agency with Trucking Defendant at the time of the Accident/Collision/Occurrence in question, and therefore, Trucking Defendant is vicariously liable for the acts of Driver.

16. At all times material hereto, when the term Trucking Defendant is referenced, it includes all of the agents, servants, employees, vice-principals and/or representatives of Trucking Defendant, including Driver, who were involved in or connected with any conduct related to the subject of this suit who were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment for Trucking Defendant.

17. If Trucking Defendant attempts to take the position that Driver was not an employee acting within the course and scope of employment for Trucking Defendant or that Trucking Defendant did not own the tractor and/or trailer, Cross-Plaintiff not only alleges estoppel, but further alleges that Trucking Defendant leased or contracted with Driver or some other entity or person for the use of the tractor and attached trailer and pursuant to agreement or contract was the constructive owner in possession of the tractor and trailer in question.

18. At the time of the Accident/Collision/Occurrence and for a number of years prior thereto, Trucking Defendant and Driver were subject to and regulated by the Federal Motor Carrier Safety Regulations "FMCSR". Trucking Defendant operated one or more commercial motor

vehicles in Interstate Commerce between places in Texas and places outside of Texas. Although subject to the FMCSR, Trucking Defendant, and its officers, directors, supervisors and/or vice principals ignored the requirements of the FMCSR, and therefore, are negligent *per se* for failing to comply with and/or assure that Driver complied with the FMCSR.

19. At all times material hereto, when the term Trucking Defendant is referenced, it includes all of the agents, servants, employees, vice-principals, officers and/or representatives of Trucking Defendant, including Driver, involved in or connected with the conduct the subject of this suit who were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment for Trucking Defendant.

IV.

## CAUSE OF ACTION:  VICARIOUS LIABILITY FOR THE NEGLIGENCE OF DRIVER

20. Cross-Plaintiff incorporates by reference Paragraphs 1 through 19 above.

21. Cross-Plaintiff alleges that Driver, acting as an employee and/or authorized driver on behalf of Trucking Defendant, was negligent and negligent *per se*, and such negligence and negligence *per se* were a proximate cause of the injuries and damages suffered by Cross-Plaintiff. Cross-Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence and negligent *per se* on the part of Driver for which Trucking Defendant is vicariously liable:

    a.    In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances;

    b.    In failing to timely and properly apply his brakes as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

*Original Answer and Cross-Claim*
*By Defendant Carl Van Bowen*

*Page 13 of 20*

c.    In failing to maintain the tractor he was operating in his designated lane of travel as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

d.    In failing to swerve to avoid the collision as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

e.    In failing to properly and prudently control the speed of Trucking Defendant's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

f.    Operating the tractor in question at an excessive rate of speed;

g.    Negligently operating the tractor in question in other respects;

h.    Operating a commercial vehicle in excess of the Hours of Service as set forth by the FMCSR;

i.    Failure to observe and comply with the FMCSR prior to and at the time of the accident in question;

j.    Failing to give the school bus being operated by Cross-Plaintiff Carl Van Bowen the right of way;

k.    Failing to yield the right of way to the school bus being operated by Cross-Plaintiff Carl Van Bowen;

l.    Negligently operating the tractor and trailer in the lane of traffic designated for the vehicle being operated by Cross-Plaintiff Carl Van Bowen;

m.    Moving from the one lane to another lane at a time when it was unsafe to do so;

n.    Operating the tractor and trailer upon a public roadway in a public place in Texas while under the influence of a dangerous drug [failure to have the normal use of mental and physical faculties by reason of introduction of a dangerous drug into his body per Texas Penal Code Sec. 49.07] and by reason of such intoxication caused serious bodily injuries to Cross-Plaintiff Carl Van Bowen as a result of such collision; and,

o.    Committing intoxication assault upon Cross-Plaintiff Carl Van Bowen.

*V.*

## CAUSE OF ACTION: TRUCKING DEFENDANT

22. Cross-Plaintiff incorporates by reference paragraphs 1 through 21 above.

23. Cross-Plaintiff would further show that at the time of the Accident/Collision/Occurrence made the basis of this lawsuit, Driver was an employee of Trucking Defendant and acting within the course and scope of his employment for Trucking Defendant and in the furtherance of the business interest and pursuits of said Trucking Defendant. In this regard, Cross-Plaintiff hereby invokes the Doctrine of Respondeat Superior and therefore alleges and contends that each negligent and negligent *per se* act/or omission on the part of Driver is imputed to Trucking Defendant. Trucking Defendant is vicariously liable for all negligent, negligent *per se* and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee Driver.

24. Cross-Plaintiff would further show that at the time the Accident/Collision/Occurrence made the basis of this lawsuit occurred, Driver was and is considered a statutory employee of Trucking Defendant pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and Trucking Defendant is vicariously liable for all negligent, negligent *per se* and grossly negligent acts and/or omissions of Driver.

25. Cross-Plaintiff would further show that prior to the time the Accident/Collision/Occurrence occurred, Trucking Defendant was the owner and in the possession, custody and control of the tractor and trailer driven by Driver on the date of the accident made the basis of this lawsuit. Additionally, on or about March 23, 2017, Trucking Defendant directed Driver to possess and use the tractor and trailer in question for the purposes of operating it on the public streets and highways of Texas and, therefore, Driver operated said tractor and trailer with the knowledge, consent and permission of Trucking Defendant.

26. Cross-Plaintiff would further show that Trucking Defendant was the owner of the tractor and trailer that was being driven by Driver at the time of the Accident/Collision/Occurrence made the basis of this lawsuit. Trucking Defendant was negligent in entrusting the vehicle to Driver who was a careless, incompetent and reckless driver. Trucking Defendant knew or should have known that Defendant Driver was a careless, incompetent and reckless driver and knew or should have known Driver to be a drug user and, therefore, Trucking Defendant was negligent, negligent *per se* and grossly negligent in entrusting the tractor and trailer to its employee Driver, which in turn was a proximate cause of the Accident/Collision/Occurrence made the basis of this lawsuit and the resulting injuries and damages to Plaintiffs.

27. Cross-Plaintiff further alleges that Trucking Defendant, through its acts and/or omissions and the acts and/or omissions of Driver, was negligent, negligent *per se* and grossly negligent and such conduct was a proximate cause of the Accident/Collision/Occurrence and Cross-Plaintiff's injuries in question. Cross-Plaintiff's resulting injuries and damages were proximately caused by, but not limited to, one or more of the following acts of negligence or negligence *per se* on the part of Trucking Defendant:

   a. Negligently hiring, training and/or retaining Driver;

   b. Negligently allowing Driver to drive the tractor and trailer in question;

   c. Negligently failing to instruct, supervise, and control Driver;

   d. Negligently allowing Driver to exceed the allowable Hours of Service regulations;

   e. Negligently entrusting its tractor and trailer to Driver when it knew or should have known Driver to be an unfit, incompetent and unsafe driver;

    f.    Knowing or should have known that Driver had not been properly instructed with respect to the FMCSR and, therefore, negligently entrusted its tractor and trailer to an unfit, incompetent and unsafe driver;

    g.    Negligently failing to determine whether or not Driver was a qualified driver in accordance with the FMCSR;

    h.    Negligently failing to insure that Driver knew the safety regulations required by the FMCSR;

    i.    Negligently failing to implement procedures to insure that Driver knew the safety regulations required by the FMCSR;

    j.    Negligently failing to instruct, monitor, or investigate Driver with respect to safe operation of motor vehicles upon streets and highways;

    k.    Negligently failing to require compliance with the FMCSR;

    l.    Negligently failing to monitor and assure compliance by Driver with the FMCSR;

    m.    Negligently failing to instruct, monitor, or investigate Driver with respect to safe operation of motor vehicles upon streets and highways;

    n.    Negligently failing to determine Driver's knowledge of FMCSR;

    o.    Negligently failing to keep, record, maintain and retain true and correct log books according to the FMCSR;

    p.    Negligently failing to adequately audit log books of Driver;

    q.    Negligently entrusting its tractor and trailer to Driver when it knew or should have known Driver to be a drug user; and,

    r.    Negligently failing to require random drug tests of Driver when it knew or should have known Driver to be a drug user.

28.    Cross-Plaintiff further alleges that Trucking Defendant, by and through its own conduct, and the conduct of its Driver, as set out and pled for herein, exceeded the test for

negligence and committed acts and/or omissions and conduct of malice and gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Cross-Plaintiff alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Cross-Plaintiff. Cross-Plaintiff further alleges that the Trucking Defendant and its Driver's acts and/or omissions or conduct of malice and gross negligence created an extreme degree of risk to Cross-Plaintiff. Cross-Plaintiff further alleges that the acts and/or omissions and conduct of gross negligence of Trucking Defendant, by and through its own conduct, and the conduct of its Driver, when viewed objectively from the standpoint of the Trucking Defendant and its Driver at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Cross-Plaintiff. Cross-Plaintiff further allege that the Trucking Defendant and its Driver had actual subjective awareness of the risk involved but, nevertheless, Trucking Defendant and its Driver proceeded with conscious indifference to the rights, safety and welfare of Cross-Plaintiff for which Trucking Defendant is vicariously liable. In this regard, Cross-Plaintiff seeks punitive and/or exemplary damages from Trucking Defendant in its individual capacity and based upon Respondeat Superior and Vicarious liability of behalf of its Driver.

## VI.

## *DAMAGES*

29.  Cross-Plaintiff Carl Van Bowen's damages include past, and probable future losses, which include:

   a.  Physical pain and mental anguish;

   b.  Physical impairment;

    c.  Disfigurement;

    d.  Loss of Wages/Earning Capacity; and

    e.  Medical care and expenses.

30.    Cross-Plaintiff respectfully requests a trial by jury on all issues.

Wherefore, Cross-Plaintiff, Carl Van Bowen, seeks judgment against Trucking Defendant, for his actual damages set forth above in an amount in excess of $1,000,000.00, exclusive of interest and costs; punitive/exemplary damages allowed by law, all against Trucking Defendant, together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Cross-Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Hawley Holman*
Hawley Holman
Texas Bar No. 09903200

**LAW OFFICE OF HAWLEY HOLMAN**
P.O. Box 5367
Texarkana, TX   75505-5367
Telephone:    903.792.4513
Facsimile:    903.792.3762
E-Mail:    Hawley@hawleyholman.com

***ATTORNEY FOR DEFENDANT***
***AND CROSS-PLAINTIFF***
***CARL VAN BOWEN***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded via email and/or E-File to all counsel of record on this the 29th day of June, 2017.

_/s/ Hawley Holman_