IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **DIONDRE WILLIAMS, ET AL.** | § § § § | |
| **Plaintiffs,** | | |
| vs. | § § § | **CIVIL ACTION NO.** <br> **5:17-CV-00089-RWS** |
| **ROONEY TRUCKING, INC., ET AL.,** | § § § | |
| **Defendant.** | | |

**PLAINTIFFS' MOTION FOR RELIEF**

I.

Plaintiffs, Diondre Williams, Xzavion Neal, Ashton Brown, Kyron Saunders, Tyson Harper, Celeste Brown on behalf of T.A., a Minor Child, Ian Williams and Craig Jackson on behalf of R.J., a Minor Child, by and through their attorney of record, file this Motion for Relief from the Court's Order of October 9, 2018, pursuant to Rule 60 of the Federal Rules of Civil Procedure. In support of this Motion, Plaintiffs respectfully show the Court as follows:

1. On April 2, 2018, Special Master, John Robert Mercy, made a Report and Recommendation to the Court regarding the disbursement of interpleader settlement funds deposited by Acuity Insurance ("Acuity") stemming from a bus crash that occurred on March 23, 2017. Acuity is Defendant Rooney Trucking, Inc.'s liability carrier.

2. Plaintiffs were served as claimants in Acuity's Original Complaint in Interpleader.

3. The Court appointed a Special Master to review the claims and ordered that a Claim Information Sheet and supporting documents be submitted to the Special Master by either email or placed on a CD and mailed to the Special Master by February 15, 2018.

4. The Special Master filed his Report and Recommendation on April 2, 2018. The Court ordered any objections to be filed no later than April 23, 2018.

5. Plaintiffs' failed to timely submit the claim information sheet and supporting documents because of internal staff deficiencies.  Plaintiffs ultimately filed an objection to the Special Master's Report and Recommendation on July 6, 2018.  The Court issued an Order inquiring about the late objection on July 9, 2018, to which Plaintiffs responded on July 16, 2018.  The Court overruled Plaintiffs' July 16, 2018 objection and issued an Order on October 9, 2018 that excluded Plaintiffs from receiving any of the Acuity settlement funds[1].

6. Plaintiffs now seek relief from this Order.  Plaintiffs were minors at the time of the bus crash, were transported to the hospital for their injuries, and as a result of the bus crash, were all seen by a psychologist because of the trauma of the experience and Plaintiffs should be considered in the disbursement process.

II.

7. Federal Rule 60(b) provides several bases by which a party may seek to have a court provide relief from a final judgment, order, or proceeding. *See* Fed. R. Civ. P. 60(b).  However, the bases for which a court may justify granting relief is a non-exhaustive list. *See* Fed. R. Civ. P. 60(b)(6).  Under Rule 60(b), the Fifth Circuit has permitted courts a wide degree of discretion to grant a party the relief requested, and reversal is largely based on "denial of **relief** preclud[ing] examination of the full merits of the cause." *Ruiz v. Quarterman*, 504 F.3d 523, 531 (5th Cir. 2007) (discussing the standard of review for appeals on Rule 60(b) and the rarity of reversing a district court's exercise of discretion).  Fed. R. Civ. P. 60(b)(1) provides relief from a judgment or order that results from mistake, inadvertence, surprise, or excusable neglect.  Fed. R. Civ. P. 60(b)(1) is understood to encompass situations in which the movant's failure to respond is attributable to his own negligence.  An equitable inquiry taking account of all relevant

---

[1] Although not timely filed, Plaintiffs also submitted medical records to the Special Master for his consideration before the Court's October 9, 2018 Order.

**PLAINTIFFS' MOTION FOR RELIEF**                                                                                                   Page  2

circumstances surrounding the party's omission is emphasized. Although the concept of excusable neglect is "somewhat elastic," it generally excludes gross carelessness, ignorance of the rules, or ignorance of the law. *Owens-Illinois, Inc. v. T&N LTD.*, 191 F.R.D. 522. Plaintiffs seek relief pursuant to this portion of the rule. There was no gross carelessness; Plaintiffs did ultimately submit the claim information sheets and supporting documents as instructed by the Court. Granted, the submissions were late--but they were made. Plaintiffs now ask that the Court consider the totality of the circumstances, specifically the public policy implications of denying Plaintiffs a portion of the recovery as well as the rather harsh prejudice to Plaintiffs. These factors are not "talismanic" and the court may consider other factors including whether the motion was made within a reasonable time, whether the interests in deciding the case outweighs the interest in the finality of the judgment, whether the public interest is implicated, and the amount of money at stake. *See Hibernia Nat'l Bank v. Administracion Central Sociedad*, 776 F.2d 1277, 1280 (5th Cir. 1985); *Seven Elves*, 635 F.2d at 402-03.

      WHEREFORE Premises considered, Plaintiffs pray that the Court consider its arguments and that the Court grant Plaintiffs the equitable relief sought in this motion and any other relief to which they show themselves justly entitled.

Respectfully submitted,

/s/ Nuru Witherspoon
Nuru L. Witherspoon
Texas Bar No. 24039244
1717 McKinney Avenue, Suite 700
Dallas, TX 75202
Telephone: (214) 773-1133
Facsimile: (972) 696-9982
Email: witherspoon@twlglawyers.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2018, I served the foregoing document on Counsel via electronic notice:

Daniel Paul Buechler
Alexander G. Blue
Thompson, Coe, Cousins & Irons, LLP
700 North Pearl Street, 25th Floor
Dallas, TX 75201
**Attorneys for Defendant**
**Rooney Trucking, Inc.**

James Hamilton Moody, III
Timothy Donald Smith
Quilling, Selander, Lownds, Winslett & Moser, PC
2001 Bryan Street, Suite 1800
Dallas, TX 75201
**Attorneys for Plaintiff**
**Acuity, a Mutual Insurance Company**

M. Mark Lesher
Lesher & McCoy
126 W. 2nd Street
Mt. Pleasant, TX 75455
**Attorney for Plaintiffs**
**Alma Delia Artrizco-Alvarez, et al.**

John Hawley Holman
Law Office of Hawley Holman
1905 Mall Drive
P.O. Box 5367
Texarkana, TX 75503
**Attorney for Plaintiffs**
**Anterius Beard, et al.**

Amy Ray Miller
Nix Patterson & Roach, LLP
205 Linda Drive
Daingerfield, TX 75638
**Attorney For Plaintiffs**
**Leachia Craft a/n/f of Minor D.C., et al.**

                                                     /s/Nuru Witherspoon
                                                     Nuru Witherspoon