IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DIONDRAE WILLIAMS, ET AL, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO.  5:17-CV-00089-RWS |
| v. | § § | CONSOLIDATED CASE |
| ROONEY TRUCKING, INC., ET AL, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiffs Diondre Williams, Xzavion Neal, Ashton Brown, Kyron Saunders, Tyson Harper, Celeste Brown on behalf of T.A., a Minor Child, Ian Williams and Craig Jackson on behalf of R.J., a Minor Child's Motion for Relief from the Court's Order of October 9, 2018.  Docket No. 169.  Plaintiffs request relief pursuant to Federal Rule of Civil Procedure 60(b)(1), arguing that their untimely submissions constitute excusable neglect that should not deny them a portion of the recovery.  *Id.* at 2–3.  As explained below, Plaintiffs' motion is **DENIED**.

Federal Rule of Civil Procedure 60(b)(1) provides that upon motion and just terms, a court may relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b)(1). When determining whether there has been excusable neglect, we review "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993).  These circumstances might include (1) "the danger of prejudice to the [non-movant]," (2) "the length of the delay and its potential impact on judicial proceedings," and (3) "the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant

acted in good faith." *Id.* "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying the relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). A ruling pursuant to Rule 60(b) is left to the "sound discretion of the district court." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

Plaintiffs assert that their untimely submission of claim information sheets and supporting documents for consideration by the Special Master was not "gross carelessness; Plaintiffs did ultimately submit the claim information sheets and supporting documents as instructed by the Court. Granted, the submissions were late--but they were made." Docket No. 169 at 3. Plaintiffs argue that the Court should consider "the totality of circumstances, specifically the public policy implications of denying Plaintiffs a portion of the recovery as well as the rather harsh prejudice to Plaintiffs." *Id.* Plaintiffs also request the Court to consider "whether the motion was made within a reasonable time, whether the interests in deciding the case outweighs the interest in the finality of the judgment, whether the public interest is implicated, and the amount of money at stake." *Id.* (citing *Hibernia Nat'l Bank v. Administracion Central Sociedad*, 776 F.2d 1277, 1280 (5th Cir. 1985)).

The Court already considered and rejected these arguments in its Order overruling Plaintiffs' objections. Docket No. 161 at 4. The Court also noted that "Plaintiffs' counsel has not provided the Court with any relevant claim information sheets, medical records or other associated documents." *Id.* That remains true. The Court is accordingly unable to follow Plaintiffs' request to consider the amount of money at stake. Considering the relevant circumstances surrounding Plaintiffs' failure to submit documents to the Special Master, Plaintiffs' untimely objections to the

Special Master's Report and Recommendation, the continued failure to provide the Court with relevant claim information sheets, medical records or other associated documents and the delay and impact on the judicial proceedings, the Court does not find excusable neglect justifying relief under Rule 60(b).  Accordingly, Plaintiffs' motion is **DENIED.**

    **SIGNED this 20th day of December, 2018.**

    ROBERT W. SCHROEDER III
    UNITED STATES DISTRICT JUDGE