IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DIONDRAE WILLIAMS, ET AL, | § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 5:17-CV-00089-RWS |
| v. | § § | |
| ROONEY TRUCKING, INC., ET AL; | § § | |
| Defendants. | § § | |

# ORDER

This case was filed on April 17, 2017. Docket No. 1. The Court, finding it in the best interests of the parties, appointed John Mercy as Special Master on November 28, 2017. Docket No. 110. Mr. Mercy entered claims procedure guidelines and a scheduling order on November 30, 2017. Docket No. 113. After expiration of the Special Master claim deadline, Mr. Mercy submitted to the Court his Report and Recommendation. Docket No. 131. The Court considered the Report and Recommendation, objections, notices of acceptance and motions to disburse funds and issued its ruling on October 9, 2018. Docket No. 161. Additional motions to disburse funds as well as motions to dismiss individual Plaintiffs have been ruled on since the October 9, 2018 order. At the request of the Court (Docket No. 230), Defendant Rooney Trucking filed a status report on July 16, 2019. Docket No. 247. The report indicates the following Plaintiffs have represented their intent to continue going forward in this action post-Special Master proceedings:

1. Diondrae Williams, represented by the Witherspoon Law Group
2. Celeste Brown on behalf of minor child, T.A., represented by the Witherspoon Law Group
3. Xzavion Neal, represented by the Witherspoon Law Group
4. Ashton Brown, represented by the Witherspoon Law Group

> 5. Craig Jackson on behalf of minor child, R.J., represented by the Witherspoon Law Group
> 6. Kyron Saunders, represented by the Witherspoon Law Group
> 7. Tyson Harper, represented by the Witherspoon Law Group
> 8. Ian Williams, represented by the Witherspoon Law Group
> 9. Shirley Beard, represented by Sorey Law Firm, PLLC

With regard to the foregoing Plaintiffs, this case is set for a scheduling conference in **Texarkana, Texas** on **September 18, 2019 at 10:45 a.m.** before the undersigned. The purpose of the scheduling conference will be to confirm the trial setting and to resolve any case management disputes or concerns.

The parties shall prepare and submit a joint motion attaching a joint proposed docket control order and a joint proposed discovery order within the time periods contained in the schedule set forth below.[1] These orders shall be guided by the sample orders for non-patent cases that can be found on the Court's website.

The sample orders include provisions that require input from the parties. The sample orders also include provisions that are mandatory and are not subject to change without showing good cause. Good cause is not shown by a mere indication of the parties' agreement. Should either party believe good cause can be shown to alter an otherwise mandatory provision, then such party shall file a separate motion to alter the provision after the parties have filed the proposed docket control and discovery orders with the mandatory provisions intact as previously required above.

Furthermore, it is hereby **ORDERED** that the following schedule of deadlines shall be incorporated into the proposed docket control order:

---

[1] Timely submission of the parties' proposed docket control order and proposed discovery order will be viewed by the Court as complying with the conference requirement of Rule 26(f).

| Jury Trial | *July 27, 2020 immediately following jury selection in Texarkana, Texas |
|---|---|
| Jury Selection | *July 27, 2020 at 9:00 a.m. in Texarkana, Texas |
| Pre-trial Conference | *July 7, 2020 at 10:00 a.m. in Texarkana, Texas |
| Dispositive Motion Deadline | *May 5, 2020 |
| 7 Days Before Scheduling Conference | File Proposed Docket Control Order and Proposed Discovery Order

The proposed orders shall each be separately filed as a joint motion with the caption indicating whether or not the proposed order is opposed in any part.  Any disputes should be redlined and each party's position explained. |

(*) indicates a deadline that cannot be changed without showing good cause.  Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

The parties shall indicate in their joint motion submitting the proposed Docket Control Order whether they believe a scheduling conference is necessary.  After review of the proposed Docket Control Order and Discovery Order, the Court may enter the orders and cancel the scheduling conference.  The Court will notify the parties of any cancellation.

**So ORDERED and SIGNED this 16th day of August, 2019.**

*Robert W Schroeder III* (signature)
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE